UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02808-SVW-GJS | Date | 4/26/2021 |
|---|---|---|---|
| Title | *Marzene Kazimiera Sochur v. Chad Wolf et al.* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER SUA SPONTE REMANDING CASE TO USCIS FOR DECISION ON APPLICATION FOR NATURALIZATION

Under 8 U.S.C. § 1447(b), district courts have jurisdiction over applications for naturalization when more than 120 days have passed since a naturalization applicant's interview.  *See Yith v. Nielsen*, 881 F.3d 1155, 1161 (9th Cir. 2018).  When an applicant invokes a district court's authority under section 1447(b), the district court's jurisdiction over the naturalization application is exclusive.  *See United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004) (en banc).  Here, the parties agree that this Court's jurisdiction was properly invoked.  Dkt. 38, at 6.

When this jurisdiction is invoked, district courts are presented with two options: a court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. § 1447(b).  "Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship."  *Usude v. Napolitano*, 2013 WL 12212605, at *1 (C.D. Cal. 2013) (quoting *Maniulit v. Majorkas*, 2012 WL 5471142, at *3 (N.D. Cal. 2012)).

The Court concludes that the best course of action in this case is to remand the matter to USCIS to adjudicate Plaintiff's application for naturalization in the first instance.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02808-SVW-GJS | Date | 4/26/2021 |
|---|---|---|---|
| Title | *Marzene Kazimiera Sochur v. Chad Wolf et al.* | | |

The Court is troubled by the government's delay in processing Plaintiff's application. Plaintiff first applied for naturalization on November 4, 2016, and she was interviewed on June 9, 2017, nearly four years ago. Dkt. 26 ¶¶ 49, 55. The Court is mindful that other district courts have declined to remand to USCIS when applicants have met similarly lengthy delays. *See, e.g., Yith v. Nielsen*, 343 F. Supp. 3d 938, 949 (E.D. Cal. 2018) (collecting cases).

However, the circumstances here demonstrate that the purpose of section 1447(b) would still be served by a remand. "Congress enacted § 1447(b) to prevent undue delay in making naturalization determinations." *Yith*, 881 F.3d at 1164 (citations omitted). While four years is a long delay, the administrative record shows that USCIS was investigating Plaintiff for suspected marriage fraud during that period. AR 281-91. Pending before USCIS at the time was a petition to lift the condition on Plaintiff's lawful permanent resident status under 8 U.S.C. § 1186a(a)(1), (h)(1). The merits of Plaintiff's application for naturalization were ultimately contingent on the outcome of Plaintiff's petition to lift the condition. *See Abghari v. Gonzales*, 596 F. Supp. 2d 1336, 1348 (C.D. Cal. 2009).

After this lawsuit was filed, USCIS denied the petition to lift the condition on July 28, 2020, Dkt. 1, AR 33. Because jurisdiction under section 1447(b) is exclusive, USCIS appears to have lacked jurisdiction to adjudicate the pending application for naturalization after the petition to lift the condition was denied. *See Hovsepian*, 359 F.3d at 1164.

In short, USCIS has not had an opportunity to act on Plaintiff's application for naturalization since the denial of the petition to lift the condition. Under the circumstances, the Court concludes that USCIS should now be given such an opportunity. Accordingly, the Court remands the naturalization application to USCIS. The Court ORDERS USCIS to adjudicate Plaintiff's naturalization application within 60 days. Plaintiff may then seek review of USCIS's determination under 8 U.S.C. § 1421(c).

The motion for summary judgment is denied as moot. Dkt. 38. The matter is stayed pending USCIS's determination. The parties should alter the Court promptly regarding compliance.

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | PMC |